May it please the Court. My name is Alan Hurston. I represent American Consumer Publishing Association Inc., NSL Simpson, and IC Marketing Inc., which does business as publishers' services. May it please the Court. The District Court dismissed this case under the principles of younger abstention. Excuse me one moment. As soon as we get the time going, I'm going to get you right to what bothers me on this case. You can address it anywhere in your argument. You don't have to address it. Had the Oregon AG started some formal process, is my question, like a CID or request for voluntary assurance, something that would be part of the formal process of the AG's office proceeding to try to resolve a fraud complaint? And that's my question. If they had, why isn't this a case where abstention is necessary? So you can address that anywhere you want in your argument, but that's what's bothering me about the case. Well, first I'd like to point out there was a, and there still is, a pending case in a trial court in Oregon. However, that trial court earlier this year awarded summary judgment to American Consumer Publishing Association. So as to that party, there is no longer a state court case pending. And that party should be able, I believe, to proceed now in the U.S. District Court with his case for damages. As to the court's... Wait, is that, is the Attorney General's office in that case? Yes, the Attorney General in that state court case represents the state of Oregon. And did your client, your client got a summary judgment in that case? Yes. Okay, now how does the timing of that relate to the district court's decision here? Well, I think that this case should be remanded that the American consumer, at least, was wrongfully sued by the state of Oregon. And the American consumer should be able to continue with his case for damages in the district court. Was the district court correct in abstaining initially? No. And the reason for that... Was this case pending at the time the district court abstained? At the time the district court abstained, yes, because the state court case was filed on September 11th, September 11th, two years ago. Just two years ago. And a little bit less than two years ago that the district court abstained. So it was after the complaint had been filed in the Oregon state court. That's correct. So the Oregon Attorney General sued American Consumer Publishing on a consumer protection fraud claim, and then American Consumer Publishing shortly thereafter brought a 1983 claim against officials in the AG's department. Is that, that's this case? No, not exactly. Because what happened first is the state, it actually filed a complaint because it sends out a notice, this notice thing. And then American Consumer, Mr. Simpson and IC Marketing filed a complaint with the district court. Okay. But they started the process with a formal notice. Yes, they sure did. Okay. So that, I guess at least just as one judge on the panel, that would lead me to think the district court's correct in abstaining at the time the case came before it. But now I don't know what the result is based on a later victory that your client has in the state court case. So why don't you go ahead and proceed with your argument and I'll get more educated. Okay. Well, it's one of those three clients that was awarded some of the judgment. The other two, the state court case is still pending. Okay. Oh, so there's still a case pending against your client. Yes. Against IC Marketing, which does business as Publisher Services Exchange, and Dennis L. Simpson. However, American Consumer was awarded some of the judgment. Okay. Then I guess what you'd have to, if you, at least for me as one judge, is to think of thinking about whether the district court correctly abstained or didn't abstain. I would have to understand why it's not correct to abstain when there's a pending state court action that involves the same parties. Sure. But these parties are suing for damages and I don't think it's appropriate to disallow a suit for recovery of damages because there's another state court case pending. Well, wouldn't it, wouldn't the ability of the attorney general's office to prosecute claims to protect consumers? I'm not prejudging whether American Consumer Publishing, you know, or anyone else is engaged in deceptive practices, but if the AG's office thinks that they are, wouldn't it impair their ability to proceed if their lawyers and officials could be sued for damages in a federal court suit? Well, there are other remedies if it's wrongful suit other than abstention. They can bring, and other arguments were made by these people, that they have certain immunities. I think immunity is a different issue than abstention. They can certainly argue their immunity, and if they're not entitled to immunity, then you can go to abstention. Okay. As to abstention, I don't think it's appropriate for damages. And I can give an example. Let's go, earlier there was a case involving a traffic stop by, I believe, let's say a police officer stops a citizen in a traffic stop and uses unreasonable force. The citizen then sues for damages because the citizen is injured. So then the police officer can get the local district attorney merely to file suit, criminal action in the state court, and then claim, well, you have to abstain now and dismiss this case because it's an action. Well, it strikes me, though, that what's different between your hypothetical and the actual litigation here is that for you to win in this litigation would mean, in essence, declaring the other case against your clients to be wrongful. In other words, it's all about the same question. It's not severable. The question whether the person stopped was actually drunk would go forward in your hypothetical, apart from whether the person's arm was wrenched or not. You could have the wrenched arm or not. It wouldn't affect whether they were driving drunk. Here, though, you're asking for the whole attorney general process to be declared inappropriate or illegal for a whole variety of theories, and it seems like the damages claim is kind of the tail on the dog. I disagree. I think the damages could come about because of an improper motive, perhaps, by the attorney general employees. So let me just stop for a second. Is it your position that if your client, assuming that your client was doing something unlawful, the AG's office couldn't do anything about it if they also happened to personally hate your client? No, I think both proceedings can go forward. No, I'm asking, I guess, a different question at this point. You said they had an improper motive for going after your client. What does that mean? Well, the position being that they may have aligned themselves with competitors of these people to go after them. Now, that is different, I think, from whether or not my clients also violated certain statutes of the state. That's why I don't understand why that's, why it's even relevant, individual motivation was if there is cause to believe that your clients were doing something unlawful. But that goes to the merits of the claim, not abstention. That's true. And that should be done in the district court under the merits, I believe, rather than abstain from the merits. Let this case go forward. Let the district court judge decide whether or not on the merits these people did something wrong. The defendants in the federal case did something wrong. Or whether or not there's some immunity for them. But that's a different issue than abstention. Well, is there even theoretically any way that your clients could obtain damages in this action without invalidating the state court proceedings by the attorney general against your client? Well, certainly, the American consumer has already been freed from the state court proceedings. So that particular party can go forward without any problem. I don't think that there is a problem with invalidating it because they can get damages for harm. And I think in green. But the harm that you're alleging is the invalidity of the ongoing proceeding. I guess that's the difficulty I'm having with your position. Well, what we are saying, I guess, would be if both, if my clients were to prevail in one proceeding and the state were to prevail in another proceeding, there would be inconsistent judgments. But that happens. I mean, the city of Tucson said that's not unusual. And it can happen. It would be. Younger reflects a policy that the federal courts aren't supposed to interfere with an ongoing state proceeding. So it's a little different if you have inconsistent federal court versus state court rulings contrasted with somehow you get inconsistent rulings in state court. Let me ask you to elaborate something. You said that there's, your client's theory is that the AG, or maybe this was a hypothetical, AG's office is aligned with competitors of American consumer publishing. Does that mean that, like, some competitor is doing something illegal, like, you know, bribing the AG? Or does it mean, like, the AG just is, they're going after your client but not going after some competitors? What is, what's the basis for saying they're aligned with competitors? I would say both. I'm not bribing, but they have, our belief is that the attorney general employees have aligned themselves with. What does that mean, aligned themselves? Maybe I have too much background practice experience from before being on the bench. I defended a number of consumer protection type lawsuits. So I know a little bit about how attorney generals proceed. So I just don't know what you mean by saying they're aligned with others. Well, let me explain a little further. American Consumer, IC Marketing, they're involved in the business of selling magazine subscriptions. And it's an unusual business, a business I never really understood until I first met these people two years ago, a little less than two years ago. They are, basically they sell, as independent agents, magazines, subscriptions for Time and Newsweek and all the big magazines. As independent, even though they don't have an agreement with Time and Newsweek, those companies, they sell through sub-agencies, they have a right. In effect, though, they're in competition. They do business for and they help the business of Time and Newsweek, but they're also in competition with Time and Newsweek for subscriptions, because Time and Newsweek also sell subscriptions on their own. So when a company gets too big as an independent agent, our belief is that the Time and Newsweeks try to attack these companies to get them down, so they don't sell quite as much. They can sell a little bit, but not too much, because that hurts Time and Newsweek. So where does the AG come into this? Well, we have found that there's been discussions between the AG and employees of certain publishers, and we believe that the AG employees are working together with the publishers to put down the business. I guess I was trying to find out what evidence, if it related to this case, because the AGs normally would have to go out and talk to different industry players, because if they only looked at you, and they didn't look at how Time or Newsweek were marketing subscriptions directly, then your client could say, well, they're picking on us. So it wouldn't be abnormal for them to be looking at the practices of others in the industry. Well, I think you hit the point, basically, what our argument is in this other case, that they are picking on us and not on the Times and Newsweeks of the world, that my clients' advertising circulars are much better for the consumer than those put out by the publishers. We're the ones who are being attacked, and one example I have, obviously it's not on the record, but I received something from Consumer Reports for a renewal, and it said on the top, invoice, which is the one thing that is totally illegal. And I pointed that out to Ms. Gordon, but nothing has happened as a result of that. I think my time is about up. Yes, you may save that remaining minute or so for rebuttal if you'd like. Thank you. Mr. Dunn. Thank you. May it please the Court. First of all, I'd like to address the first point raised by opposing counsel, which is that a motion for summary judgment was granted with regard to one of the plaintiffs' American Consumers Potion Company. That was done in May of this year. So at the time the Court ruled with regard to abstention, American Consumers, ACPA, referred to them as it was a party to the ongoing litigation. How about now? Could we remand and let ACPA proceed? No, I think that would be inappropriate at this point, Your Honor, because, and this is my real main argument on this point, is that it's only an order granting summary judgment. It has not been reduced to a final judgment. So there is still an ongoing proceeding in the state court with regard to that particular plaintiff. Until there is a final judgment, that proceeding will be ongoing. What would happen when there was a final judgment? Let's assume that we affirm the abstention, but then there is a final judgment. Then can Mr. Hurson go into the district court and seek to reopen the judgment or, in this case, to get the, I guess there is a stay? The Court abstained under Younger. So when the circumstances change that led to the stay, what is American Consumer Publishing, what procedure is appropriate then in your view? Well, I think that raises the question of what is appropriate to be done with regard to a particular claim. Is it dismissed outright under Younger? And if it is, then that would be it. I think Greene said that we have to dismiss outright under Younger. Didn't the Greene case state that we have to dismiss a case or that the district court must dismiss when there is Younger abstention? Well, it's very clear that if somebody is seeking some sort of relief that would interfere, such as declaratory relief or injunctive relief, then certainly an outright dismissal is required. But the open question is on damages. That is an open question. It's not entirely clear. And what's the, I guess you're representing the Attorney General's perspective, I assume. That's correct. So what's the Attorney General's perspective as to whether a suit for damages under Section 1983 against officials of the AG's office would interfere with their enforcement duties? There certainly would be interference. There definitely would be interference because the suit for damages is requiring determinations and declarations that either would bar the state court proceeding outright or would resolve the very issue, that is the very factual issues that are being litigated in the state court proceeding. Okay. Let me ask this. If American Consumer Publishing gets a final judgment on the case where they have a summary judgment against them and the AG's office isn't further pursuing them, is there any reason they can't refile a claim for damages under 1983? I'm not sure at that point, actually. This court may not need to address that issue at all, though, in this case, because even if you assume that the granting of the order or an eventual final judgment would help that particular plaintiff, I would urge this court to affirm on all the other grounds listed in the brief with regard to that plaintiff. Okay. And I will point out that in Hirsch, this court did precisely that. The lower court had dismissed a case based on Younger, and then when it came up on appeal, rather than addressing whether or not Younger applies to the money damages issue, the court simply moved on to all the questions of immunity and whether or not immunity applied to those damages claims. I think that might be the easiest and cleanest way for this court to approach this particular case. Really, the only argument the plaintiff is making on appeal is Younger doesn't apply to the damages claims, and there's really even no need to address that question because the state does land on all the other grounds listed in the brief. As for Judge Gould's question about the timing of what went on in this case, yes, the very first thing that happened in this case was the state filed the notice, requesting the assurance of voluntary compliance. And then after that, the plaintiffs fairly shortly after that filed their federal complaint, and then fairly shortly after that, the state then filed the formal complaint in the state court proceeding. Now, the ABC did begin the process, and so Younger would apply for that reason alone. But I do also believe that it's appropriate for this court to consider the complaint as well that was filed because at the time that the state court, the actual complaint was filed, nothing had happened in the federal court. And some of the cases state that you don't actually look at the time of the filing of the first two proceedings, but whether or not the state process was ongoing at the time anything of substance began to occur in the federal court. And as the district court ruled, that is the case here, the plaintiffs do not challenge that on appeal. The main point I'd like to make about Younger's applicability is that here we are dealing with an ongoing state enforcement proceeding, essentially a prosecution against these plaintiffs. And their federal complaint is essentially an attempt to halt that ongoing proceeding. And that, I think, if this court keeps that in mind, that is really the distinguishing feature between this case and any other case that the court said Younger did not apply. What's the basis for the summary judgment that American Consumer Publishing received in the state court case? I believe that. I mean, is that relevant for us here? I don't think it is. Maybe not under Younger. I don't think it is relevant, but I believe that it was because the evidence that the state had presented didn't show enough of a connection between that particular plaintiff and the solicitations at issue. So the solicitations are sent out by some other entities other than American Consumer Publishing? I would imagine that to be the case. Some affiliated companies? Yeah, I think it might have been the last plaintiff, the marketing plaintiff. I do, again, want to emphasize that I think it would be appropriate for this court to affirm on other grounds to the extent it sees any problems with the applicability of Younger. And I think my final point is that I would like to, of course, note that all the references here today to discussions between the Attorney General's Office and other companies and other references to evidence that are not in the record at all should not be considered at all by this court. Actually, I do have a final point. On page 46, towards the bottom, in describing the immunity doctrines, I asserted that the officials in this case could believe that their actions were not constitutional. Obviously, I meant to say the opposite. So if this court could remove the word not, I would appreciate it. And other than that, I would like to make myself available for questions. Judge Hall, do you have anything? No, we don't have any questions. Thank you. Thank you. You may have a minute for rebuttal. Thank you. As to the other issues of prosecutorial immunity in the case of the claim, the district court did not consider those. There are questions of fact and law that exist, such as whether or not there were ministerial acts involved, whether or not there was discretion on the part of state employees. For that reason, I think it would be appropriate to, rather than this court, to decide those issues. Rather than that, to remand this back to the district court, if that's what the court has decided. How do you address Mr. Dunn's argument that you don't have a final judgment yet for American Consumer Publishing in that case where you have an order of summary judgment? Yes, that's just a technicality, I would say. Isn't it true, though, that any time before a final judgment, the court would have the opportunity to reconsider its ruling and perhaps change its mind? I don't think so in this case. The court did change the caption of the case, took American Consumer out of the caption. I think it was just a mix-up. What happens in the state court, and Judge Gravey may be aware of this, the judge issues this letter ruling after the summary judgment motions. And then the judge asked Ms. Gordon, the state employee, to write up the order. And we argued about that order for months. It went on for months and months, arguing. Initially, Ms. Gordon didn't even want to admit that the state had awarded summary judgment. She just said the state was going to dismiss American Consumer. So finally it wound up with an order dismissing American Consumer and changing the caption of the case. So kind of a technicality there, that's where it stands. I guess it wasn't a judgment entered. But why is it over, you know, sort of like the opera in Over Till the Fat Lady Sings? Well, to my mind, that's just a technicality. I don't think it's anything really pending. I think the issue is whether or not there's something pending now, not whether or not there's a judgment. And I don't think in law there's anything pending anymore because of that. I think that's it. Okay. Thank you. Thank you very much. The case just argued is submitted.
judges: Hall, Graber, Gould